

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Robert Balin**
212-603-6440 tel
212-489-8340 fax

robbalin@dwt.com

November 10, 2017

<u>**VIA ECF**</u>

Douglas C. Palmer
Clerk of Court
United States District Court
Eastern District of New York

> **Re:** *Asia TV USA Ltd. et al. v. Kamran International Trade Limited et al.*, **No. 17**
> **Civ. 5057 (FB) (CLP) Request for Clerk's Entry of Certificate of Default**

Dear Mr. Palmer:

I represent Plaintiffs Asia TV USA Ltd., MSM Asia Ltd., Star India Private Ltd.,
Viacom18 Media Private Limited, ARY Digital USA LLC, and DISH Network L.L.C.
(collectively, "Plaintiffs") in the above-captioned action.  I write to respectfully address the
Clerk's initial denial of Plaintiffs' request for an entry of certificate of default against Kamran
International Trade Limited ("Kamran" or "Defendant"), Dkt. No. 14, based on insufficient
service information.  *See* Dkt. Entry dated November 1, 2017.  Plaintiffs now seek to clarify that
service was properly made on Kamran in Hong Kong and that as such Plaintiffs' request for an
entry of certificate of default against Kamran should be entered.

Pursuant to Federal Rule of Civil Procedure 4(f)(1), (f)(2)(A) and (h)(2), on September
11, 2017, copies of Plaintiffs' Summons, Complaint, Civil Cover Sheet and Rule 7.1 Corporate
Disclosure Statement were personally delivered to Kamran at its registered office address in
Hong Kong, as evidenced by the Affirmation of Service filed with the Court on September 19,
2017.  Dkt. No. 13.  Such service was effective in accordance with the Federal Rules of Civil
Procedure, the Hague Convention on the Service Abroad of Judicial and Extrajudicial
Documents (the "Hague Convention"), and the local law of Hong Kong—specifically, the
Companies Ordinance of the Laws of Hong Kong.

Pursuant to Federal Rule of Civil Procedure 4(f)(1), service may be effected overseas "by
any internationally agreed means . . . that is reasonably calculated to give notice, such as those
authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial
Documents."  Fed. R. Civ. P. 4(f)(1).  Hong Kong has adopted Article 10(b) of the Hague
Convention, which provides:

> Provided the State of destination does not object, the present
> Convention shall not interfere with . . . (b) the freedom of judicial

Anchorage
Bellevue
Los Angeles

New York
Portland
San Francisco

Seattle
Shanghai
Washington, D.C.

www.dwt.com

November 10, 2017
Page 2

> officers, officials **or other competent persons of the State of origin to effect service of** judicial documents **directly through** the judicial officers, official or **other competent persons of the State of destination**....

*See* Official Hague Convention website discussion of Hong Kong available at https://www.hcch.net/en/states/authorities/details3/?aid=393 and https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 and attached hereto as Exhibit A (emphasis added).  Hong Kong specifically provides that "a private agent (usually a firm of solicitors) may be appointed directly to effect service.  Such service can be effected directly without going through the Government or the judiciary."  *Id.*  As a consequence, personal service may be effected by and through local solicitors in Hong Kong.  Here, in conformity with the Hague Convention and Federal Rule of Civil Procedure 4(f)(1), Plaintiffs retained Vivien Chan & Co., a firm of Hong Kong solicitors, to effect service on Kamran in Hong Kong.  *See* Dkt. No. 13.

The method of service of the Summons, Complaint, Civil Cover Sheet and Plaintiffs' Rule 7.1 Corporate Disclosure Statement on Kamran also complies with Federal Rule of Civil Procedures 4(f)(2), which provides that "if an international agreement allows but does not specify other means," service may be effected "by the method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction...."  Fed. R. Civ. P. 4(f)(2)(A).  The Companies Ordinance of the Laws of Hong Kong specifically authorizes personal service of process on corporate entities by delivering the documents to the corporation's registered office.  Chapter 622, Section 827, "Companies Ordinance: Service of Document" (attached hereto as Exhibit B).  That section states "A document may be served on a company by leaving it at, or sending it by post to, the company's registered office."  *Id.*  In addition, the Companies Ordinance also provides that "[a] company must have a registered office in Hong Kong to which all communications and noticed may be addressed."  Chapter 622, Section 658, "Registered office of company" (attached hereto as Exhibit B).

In conformity with this Hong Kong law governing service on Hong Kong companies, on September 11, 2017 Plaintiffs' solicitors in Hong Kong (Vivien Chan & Co.) personally served the Summons, Complaint, Civil Cover Sheet and Plaintiffs' Rule 7.1 Corporate Disclosure Statement on Kamran at its registered office in Hong Kong.  Dkt. No. 13.  Such service constitutes valid service under the Hague Convention, the Federal Rules of Civil Procedure and local law.  *See In re Cyrus II Partnership*, 392 B.R. 248, 257-59 (S.D. Tex. 2008) (holding that personal service of summons and complaint by Hong Kong service agent on defendant Hong Kong company's registered office address constitutes valid service under Section 356 (now Section 827) of the Companies Ordinance of the Laws of Hong Kong, the Hague Convention, and Federal Rules of Civil Procedure Rules 4(h)(2) and 4(f)(2)(A)); *China Central Television et*

November 10, 2017
Page 3

*al. v. Create New Technology HK Limited, et al.*, No. 15 Civ. 1869 (C.D. Cal. May 28, 2015) (holding that personal service of summons and complaint by the same Hong Kong service agent used here on defendant Hong Kong company's registered office address was valid service under the Article 10(b) of the Hague Convention and 4(h) of the Federal Rules of Civil Procedure) (attached hereto as Exhibit C); *Agit Global, Inc. v. Wham-O, Inc.*, No. 2:09-cv-08133-CAS (JCx), 2014 WL 1365200, *1 n.2 (C.D. Cal. Apr. 7, 2014) (holding party was "properly served under the Hague Convention" where "Hong Kong solicitor served [defendant] by posting a copy of plaintiffs' motion and supporting documents to Holding's registered Hong Kong Office").

Accordingly, since service was properly made on Kamran and Kamran has not responded to the Complaint within the time allowed, Plaintiffs respectfully request that the Clerk of Court enter a certificate of default against Kamran.  Dkt. No. 14.

Please contact the undersigned with any questions regarding the above.  Thank you for your attention to this matter.

Respectfully submitted,

Robert D. Balin

# EXHIBIT A



**14. CONVENTION ON THE SERVICE ABROAD OF
JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS[1]**

*(Concluded 15 November 1965)*

The States signatory to the present Convention,
Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,
Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I – JUDICIAL DOCUMENTS

Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.
Each State shall organise the Central Authority in conformity with its own law.

Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.
The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Service Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Dixième session (1964)*, Tome III, *Notification*  (391 pp.).

Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a)    by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
b)    by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.

Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –
a)    the freedom to send judicial documents, by postal channels, directly to persons abroad,

*b)*     the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

*c)*     the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by –-

*a)*     the employment of a judicial officer or of a person competent under the law of the State of destination,

*b)*     the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security. It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

*a)*     the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

*b)*     the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –

*a)*     the document was transmitted by one of the methods provided for in this Convention,

*b)*     a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

*c)*     no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

## Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –
a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
b) the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.
This Article shall not apply to judgments concerning status or capacity of persons.

### CHAPTER II – EXTRAJUDICIAL DOCUMENTS

## Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

### CHAPTER III – GENERAL CLAUSES

## Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.
The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

## Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

## Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –
a) the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
b) the language requirements of the third paragraph of Article 5 and Article 7,
c) the provisions of the fourth paragraph of Article 5,
d) the provisions of the second paragraph of Article 12.

## Article 21

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –
*a)*    the designation of authorities, pursuant to Articles 2 and 18,
*b)*    the designation of the authority competent to complete the certificate pursuant to Article 6,
*c)*    the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
*a)*    opposition to the use of methods of transmission pursuant to Articles 8 and 10,
*b)*    declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
*c)*    all modifications of the above designations, oppositions and declarations.


### Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.


### Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.


### Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.


### Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.


### Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.


### Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.


Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.


Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.


Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –

a)   the signatures and ratifications referred to in Article 26;
b)   the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
c)   the accessions referred to in Article 28 and the dates on which they take effect;
d)   the extensions referred to in Article 29 and the dates on which they take effect;
e)   the designations, oppositions and declarations referred to in Article 21;
f)   the denunciations referred to in the third paragraph of Article 30.


In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

DETAILS

# China (Hong Kong) - Other Authority (Art. 18) & practical information

**Central Authority(ies):**

*Chief Secretary for Administration*

| Contact details: | |
|---|---|
| Address: | Chief Secretary for Administration<br>Hong Kong Special Administrative Region Government<br>Room 321, 3/F, East Wing<br>Central Government Offices<br>2 Tim Mei Avenue<br>Admiralty<br>Hong Kong, China |
| Telephone: | +852 2810 3969 |
| Fax: | +852 2842 8897 |
| E-mail: | cso@cso.gov.hk |
| General website: | http://www.cso.gov.hk/ |
| Contact person: | For information on contact persons, click here. |
| Languages spoken by staff: | English, Chinese |

| Practical Information:<br>*(The following information was provided by the relevant State authorities or was obtained from the replies to the 2003 and/or 2008 Service Convention Questionnaires)* | |
|---|---|
| Forwarding authorities<br>(Art. 3(1)): | Chief Secretary for Administration |
| Methods of service<br>(Art. 5(1)(2)): | FORMAL SERVICE (Art.5(1)(a))<br>Service of documents is effected by the Chief Bailiff of the Court.  Unless specifically requested, otherwise, formal service will be performed in one of the following ways:<br><br>1. By personal service on addressee if the addressee is a natural person.<br><br>2. By leaving at the registered office address if the addressee is a limited company or corporation.  The registered office address of a limited company or corporation could be obtained /verified by visiting the useful link of the Companies Registry at http://www.icris.cr.gov.hk/csci.<br><br>3. By personal service on an officer of the company or corporaton if the addressee is a limited company or corporation and the registerd office is no longer occupied or used by the addressee.<br><br>INFORMAL DELIVERY (Art.5(2))<br><br>The informal delivery is also carried out by the Chief Bailiff.<br><br>SERVICE BY A PARTICULAR METHOD (Art.5(1)(b))<br><br>Service by a particular method as requested by the applicant unless such a method is incompatible with the local law.<br><br>For service in general, see Order 69 rule 3 of the Rules of the High Court, Chapter 4A, Laws of the Hong Kong Special Administrative Region and for service on companies, see section 827, Companies Ordinance, Chapter 622, Laws of the Hong Kong Special Administrative Region.<br><br>See: legislation.gov.hk |
| Translation requirements<br>(Art. 5(3)): | Documents have to be in English or Chinese, if not, translation into either of the 2 languages is required, (Order 69,r.3, Rules of High Court, Chapter 4A, Laws of the Hong Kong Special Administration Region). |
| Costs relating to execution of the request for service<br>(Art. 12): | Hong Kong does not impose any fee for executing requests under the Convention. Service is effected by the Bailiff but if a particular method of service is requested e.g. advertisement in newspaper, the charges will have to be paid or reimbursed. |
| Time for execution of request: | Around 3-4 months |

Case 1:17-cv-05057-FB-CLP   Document 18   Filed 11/10/17   Page 12 of 25 PageID #: 128

| Judicial officers, officials or other competent persons (Art. 10(b)): | The practice of our court is that whenever such requests are received, they will be forwarded to the competent authority for Hong Kong (Chief Secretary for Administration) for processing. Direct service through Government officials is not available in Hong Kong. However, a private agent (usually a firm of solicitors) may be appointed directly to effect service. Such service can be effected directly without going through the Government or the judiciary.

The Hong Kong Judiciary does not seek reimbursement of the costs. The charges made by solicitors appointed to serve process by foreign judicial officers, officials or other competent persons are not regulated by the Government. They vary depending on the services required and time taken to execute the request. |
|---|---|
| Oppositions and declarations (Art. 21(2)): | (Click here to read all the declarations for the Hong Kong Special Administrative Region made under the Service Convention.) |
| Art. 8(2): | Opposition |
| Art. 10(a): | No opposition |
| Art. 10(b): | Additional information – See declarations |
| Art. 10(c): | Additional information – See declarations |
| Art. 15(2): | No declaration of applicability |
| Art. 16(3): | No declaration of applicability |
| Derogatory channels (bilateral or multilateral agreements or internal law permitting other transmission channels) (Arts. 11, 19, 24 and 25)

**Disclaimer:** *Information may not be complete or fully updated – please contact the relevant authorities to verify this information.* | There are no other bilateral or multilateral agreements. There is, however, an internal arrangement on service of process between Hong Kong Special Administrative Region and the Mainland. |
| Useful links: | http://www.judiciary.gov.hk/ (Court's services - Bailiff's Office)
http://www.legislation.gov.hk/ (Bilingual Laws Information System)
http://www.hklii.org.hk/ (Hong Kong Legal Information Institute) |

(This page was last updated on 9 July 2015)

# Conventions (incl. Protocols and Principles)

- Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [14]

# EXHIBIT B

Companies Ordinance

# Part 12

# Company Administration and Procedure

*(Format changes—E.R. 1 of 2013)*

## Division 1—Resolutions and Meetings

### Subdivision 1—Preliminary

**547.    Interpretation**

(1)    In this Division—

***circulation date*** (傳閱日期), in relation to a written resolution or a proposed written resolution, means—

    (a)    the date on which copies of the resolution are sent to eligible members in accordance with section 553; or

    (b)    if copies are sent to eligible members on different days, the first of those days;

***electronic address*** (電子地址) means any sequence or combination of letters, characters, numbers or symbols of any language or, any number, used for the purposes of sending or receiving a document or information by electronic means.

(2)    For the purposes of this Division—

    (a)    in relation to a proposed written resolution, the eligible members are the members who would have been entitled to vote on the resolution on the circulation date of the resolution; and

    (b)    if the persons entitled to vote on the resolution change during the course of the day that is the circulation date of the resolution, the eligible members are the persons entitled to vote on the resolution at the time that the

Companies Ordinance

(a)   from providing more extensive facilities than are required by the regulations; or

(b)   if a fee may be charged, from charging a lesser fee than that prescribed or none at all.

(6)   In this section—

*trust deed* (信託契據) means a trust deed or any other document securing the issue of debentures.

_____

Editorial Note:
# Section 657(2)(g) is not yet in operation.

# Division 4—Registered Office and Publication of Company Names

**658.**   **Registered office of company**

(1)   A company must have a registered office in Hong Kong to which all communications and notices may be addressed.

(2)   The intended address of a company's registered office stated in the incorporation form registered in respect of the company is to be regarded as the address of its registered office with effect from the date of its incorporation until a notice of change in respect of the address is delivered to the Registrar under subsection (3).

(3)   If the address of a company's registered office is changed, the company must deliver to the Registrar for registration a notice of the change in the specified form within 15 days after the change.

(4)   The inclusion in the annual return of a company of a statement as to the address of its registered office does not satisfy the obligation imposed by subsection (3).

(5)   If a company contravenes subsection (1) or (3), the company, and every responsible person of the company, commit an

Companies Ordinance

offence, and each is liable to a fine at level 5 and, in the case of a continuing offence, to a further fine of $1,000 for each day during which the offence continues.

**659.    Requirement to disclose company name, etc.**

(1)    The Financial Secretary may make regulations to require companies—

(a)    to display prescribed information in prescribed locations;

(b)    to state prescribed information in common seals, and in prescribed descriptions of documents or communications; and

(c)    to provide prescribed information on request to those they deal with in the course of their business.

(2)    The regulations—

(a)    may in prescribed circumstances require disclosure of the name of the company;

(b)    may make provision as to the manner in which any prescribed information is to be displayed, stated or provided; and

(c)    may exempt a company from any requirement of the regulations made under subsection (1).

(3)    The regulations may provide that, for the purposes of any requirement to disclose a company's name, any variation between a word or words required to be part of the name and a permitted abbreviation of that word or those words (or vice versa) is to be disregarded.

**660.    Criminal consequences of failure to make required disclosures**

Regulations made under section 659 may provide that—

(a)    if a company contravenes any of the regulations made under that section, an offence is committed by—

Companies Ordinance

# Part 18

# Communications to and by Companies

*(Format changes—E.R. 1 of 2013)*

## Division 1—Preliminary

**821.**   **Interpretation**

(1)   In this Part—

*address* (地址) includes a number, or any sequence or combination of letters, characters, numbers or symbols of any language, used for the purpose of sending or receiving a document or information by electronic means;

*applicable provision* (適用條文) —

    (a)   in Division 3, means a provision of this Ordinance or the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32) that authorizes or requires the document or information to be sent or supplied to a company; or

    (b)   in Division 4, means a provision of this Ordinance or the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32) that authorizes or requires the document or information to be sent or supplied by a company to another person;

*business day* (辦公日) means a day that is not—

    (a)   a general holiday; or

    (b)   a black rainstorm warning day or gale warning day as defined by section 71(2) of the Interpretation and General Clauses Ordinance (Cap. 1);

Companies Ordinance

(4)   If that other person is a company and is not a person covered by subsection (3), the address is—

    (a)   the address specified in subsection (2); or

    (b)   its registered office.

(5)   If the company is unable to obtain an address specified in subsection (2), (3) or (4), the address is that other person's address last known to the company.

**826.   Effect of this Part on sending documents etc. to Registrar**

In its application in relation to documents or information to be sent or supplied to the Registrar, this Part has effect subject to Part 2.

## Division 2—Service of Document on Company

**827.   Service of document**

A document may be served on a company by leaving it at, or sending it by post to, the company's registered office.

## Division 3—Other Communication to Company by Person who is not Company

**828.   Communication in electronic form**

(1)   This section applies if a document or information is sent or supplied, in electronic form, to a company by a person who is not a company.

(2)   The document or information is sent or supplied to the company for the purposes of an applicable provision if—

    (a)   the company—

        (i)   has agreed, generally or specifically, that the document or information may be sent or supplied

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01869 MMM (AJWx) | Date | May 28, 2015 |
|---|---|---|---|

| Title | *China Central Television, et al. v. Create New Technology HK Limited, et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **Order Granting Plaintiffs' Requests for Entry of the Defaults of Defendants Hua Yang International Technology Ltd. [Docket No. 64] and Create New Technology HK Ltd. [Docket No. 67]**

## I. BACKGROUND

On March 13, 2015, China Central Television, China International Communications Co., Ltd., TVB Holdings USA , Inc., and Dish Network, LLC (collectively, "plaintiffs") filed this copyright infringement action against Create New Technology HK Ltd., Hua Yang International Technology Ltd., Shenzhen GreatVision Network Technology Co. Ltd., Club Tvpad, Inc., Bennett Wong, Asha Media Group, Amit Bhalla, newTVpad Ltd. Co., Liangzhong Zhou, Honghui Chen, and various fictitious defendants (collectively, "defendants").[1] On March 24, 2015, plaintiffs filed proofs of service on Create New Technology HK Ltd. ("Create") and Hua Yang International Technology Ltd. ("Hua Yang").[2] The proofs of service indicate that a Hong Kong solicitor, Leung Shun Chi, served Create and Hua Yang on March 18 and March 17, 2015, respectively; Chi purportedly delivered the summons and complaint to

---

[1] Complaint, Docket No. 1 (Mar. 13, 2015).

[2] See Proof of Service Executed by Plaintiff China International Communications Co. Ltd., China Central Television, TVB Holdings USA, Inc., and Dish Network LLC, on Defendant Create New Technology HK Limited ("Create Proof of Service"), Docket No. 38 (Mar. 24, 2015); Proof of Service Executed by Plaintiff China International Communications Co. Ltd., China Central Television, TVB Holdings USA, Inc., and Dish Network LLC, on Defendant Hua Yang International Technology Limited ("Hua Yang Proof of Service"), Docket No. 39 (Mar. 24, 2015).

Create's and Hua Yang's respective registered offices in compliance with § 827 of the Companies Ordinance, Chapter 622 of the Laws of Hong Kong.[3]

On April 27, 2015, plaintiffs filed sought the entry of enter Hua Yang's default as to the complaint.[4]  On May 1, 2015, they sought the entry of Create's default.[5]  The clerk issued notices of deficiency regarding plaintiffs' requests.[6]  Because the clerk does not have authority to determine the propriety of foreign service, the requests were forwarded to the court for consideration.

## II.  DISCUSSION

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4" of the Federal Rules of Civil Procedure.  *Direct Mail Specialists v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).  "Rule 4[, however,] is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Id.* (citing *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).

Rules 4(h)(2) and 4(f) of the Federal Rules of Civil Procedure set forth the process for serving a foreign corporation outside the judicial districts of the United States.  Rule 4(h)(2) provides that a corporation "not within any judicial district of the United States, [may be served] in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  See FED.R.CIV.PROC. 4(h)(2).  Rule 4(f)(1) states that a plaintiff may serve a litigant who is not present within a judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  FED.R.CIV.PROC. 4(f)(1); see also Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention").[7]

---

[3]Create Proof of Service at 2; Hua Yang Proof of Service at 2.

[4]Request for Entry of Default Against Defendant Hua Yang International Technology Limited ("Hua Yang Request"), Docket No. 64 (Apr. 27, 2015).

[5]Request for Entry of Default Against Defendant Create New Technology HK Limited ("Create Request"), Docket No. 67 (May 1, 2015).

[6]See Notice of Deficiency Re: Request for Entry of Default Against Defendant Hua Yang International Technology Limited, Docket No. 66 (Apr. 28, 2015); Notice of Deficiency Re: Request for Entry of Default Against Defendant Create New Technology HK Limited, Docket No. 68 (May 4, 2015).

[7]Subsections (f)(2) and (f)(3) of Rule 4 are inapplicable.  Rule 4(f)(2) applies only "if there is no internationally agreed means, or if an international agreement allows but does not specify other means" of service.  See FED.R.CIV.PROC. 4(f)(2).  Here, the Hague Convention governs.  Rule 4(f)(3)

Compliance with the Hague Convention is mandatory in all cases in which it applies. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (holding that compliance with the Hague Convention is mandatory in cases involving service in a signatory country). Hong Kong is a party to the Hague Convention. *See Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, *6 (N.D. Ill. Apr. 19, 2013) ("The Hague Convention is in force in Hong Kong"); *McIntire v. China MediaExpress Holdings, Inc.*, 927 F.Supp.2d 105, 132 (S.D.N.Y. 2013) ("Both the United States and Hong Kong are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, *2 (N.D. Cal. Mar. 27, 2012) ("Anguilla, Antigua, Hong Kong, and Canada are signatories to or bound by the Hague Convention on Service Abroad of Judicial and Extrajudicial documents" (citations omitted)); *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 630 (S.D. Fla. 2012) ("Hong Kong is a signatory to the Hague Service Convention"); *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 WL 3823390, *18 (S.D. Fla. Nov. 16, 2009) ("Along with the United States, in excess of forty other countries, including Germany, China, and Hong Kong SAR, have acceded to the Hague Convention"); *Silver Top Ltd. v. Monterey Industries, Ltd.*, No. 94 Civ. 5731 (LMM), 1995 WL 70599, *2 (S.D.N.Y. Feb. 21, 1995) ("Hong Kong is a party to the Hague Convention"). In this case, the relevant provisions of the Hague Convention are Articles 5 and 10.[8]

> "Service pursuant to [Article 5] of the Hague Convention may be effected by forwarding the summons and complaint to the 'Central Authority' for the country in which service is to be made, along with a form Request For Service containing[,] *inter alia*, a form Summary of the Documents to be Served. Once the Central Authority has served a document, it is required to 'complete a certificate' stating that 'the document has been

---

permits service in a place not within any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court." FED.R.CIV.PROC. 4(f)(3). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." See *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Because plaintiffs did not seek a court order respecting service, they cannot invoke Rule 4(f)(3).

[8]Article 5 provides: "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either – (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed." Hague Convention, art. 5.

Article 10 states: "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, (b) the freedom of judicial officers, officials, or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Hague Convention, art. 10.

served and . . . the method, the place and the date of service and the person to whom the document was delivered.'  The Hague Convention expressly provides that '[w]here a . . . summons . . . had to be transmitted abroad for the purpose of service, under the provisions of the [Hague] Convention, and the defendant has not appeared, judgment shall not be given unless it is established that . . . the service or delivery was effected in sufficient time to enable the defendant to defend.'"  *Arnold v. Royal Bank of Canada Trust Co. (Cayman)*, No. 13–cv–3171–H (RBB), 2014 WL 1871728, *1-2 (S.D. Cal. May 8, 2014) (citing *Universal Trading & Inv. Co. v. Kiritchenko,* No. CV-99-3073 MMC, 2007 WL 295548, *2 (N.D. Cal. Jan.30, 2007) (refusing to enter default judgment because the plaintiff had not provided adequate certification from the Central Authority of the Cayman Islands that service of process was accomplished)).

In support of plaintiffs' requests for entry of default, their attorney, Carla A. McCauley, has submitted a declaration stating that, on March 17 and 18, 2015, she caused the summons and complaint to be served on Hua Yang and Create.[9]  She references a proof of service, which shows that, on March 17, 2015, Leung Shun Chi, a Solicitor of the High Court of Hong Kong, served the summons and complaint by personally delivering them to Hua Yang's registered office at Room 19C, Lockhart Center, 301-307 Lockhart Road, Wan Chai, Hong Kong.[10]  McCauley also references a proof of service on Create, which states that Chi served the summons and complaint on March 18, 2015, by personally delivering them to Create's registered office at Room D, 10/F, Tower A, Billion Centre, 1 Wang Kwong Road, Kowloon Bay, Kowloon, Hong Kong.[11]  Plaintiffs have not adduced evidence that they forwarded the summons and complaint to the Hong Kong Central Authority or that they received a certificate of service from the Central Authority stating that the documents had been properly served.  For that reason, plaintiffs have not properly served Create or Hua Yang under Article 5 of the Hague Convention.

In addition to establishing a new and uniform system of service through the Central Authority, Article 10 of the Hague Convention provides that the convention "shall not interfere with" other enumerated types of service "[p]rovided the State of destination does not object."  See Hague Convention, art. 10; see also *Brockmeyer*, 383 F.3d at 801 (applying Article 10(a) to permit service by mail in lieu of service through the Central Authority); *Koehler v. Dodwell*, 152 F.3d 304, 307 (4th Cir. 1998) (personal service on a defendant who was a citizen of Bermuda was proper under Article 10(b)). These other types of service include, *inter alia*:

> "b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."  Hague Convention, art.

---

[9]Create Request, Declaration of Carla A. McCauley, ¶ 3; Hua Yang Request, Declaration of Carla A. McCauley, ¶ 3.

[10]Hua Yang Request, Exh. A; *id.*, Declaration of Carla A. McCauley, ¶ 3; Hua Yang Proof of Service at 2-4.

[11]Create Request, Declaration of Carla A. McCauley, ¶ 3; Create Proof of Service at 2-4.

10.

"Hong Kong has not objected to Article 10(b) of the Hague Convention allowing for service of judicial documents directly through 'other competent persons.'" *In re Cyrus II Partnership*, 392 B.R. 248, 258 (S.D. Tex. 2008).[12]  Article 10(b) "permits direct service" on a foreign individual or corporation provided the service complies with the law of the foreign state. *BBK Tobacco & Foods LLP v. Juicy eJuice*, No. CV-13-00070-PHX-GMS, 2014 WL 1686842, *3 (D. Ariz. Apr. 29, 2014).  Hong Kong permits personal service on corporations. Section 827 of the Companies Ordinance, codified at Chapter 622 of the Laws of Hong Kong, provides that "[a] document may be served on a company by leaving it at, or sending it by post to, the company's registered office.  Companies Ordinance, (2014) Cap. 622, 312, § 827 (H.K.); see also *In re Cyrus*, 392 B.R. at 257-58 (concluding that the Companies Ordinance permitted personal service of process on corporations).[13]

As noted, McCauley states that service was effected on Hua Yang and Create in compliance with the Companies Ordinance on March 17 and 18, 2015.[14]  Plaintiffs have also proffered the declaration of Tse Wai Suen, a Solicitor of the High Court of Hong Kong, who states that another solicitor in his office – Leung Shun Chi – personally served Hua Yang and Create in compliance with Hong Kong law at their registered offices.[15]  This showing suffices to support a finding that plaintiffs properly served Hua Yang and Create under Hong Kong law, and hence that they complied with Article 10(b) and Rules 4(h) of the Federal Rules of Civil Procedure.  See, e.g., *Agit Global, Inc. v. Wham-O, Inc.*, No. 2:09-cv-08133-CAS (JCx), 2014 WL 1365200, *1 n.2 (C.D. Cal. Apr. 7, 2014) ("Although Holding has not filed an opposition, it has been properly served under the Hague Convention on the Service of Judicial and Extrajudicial Documents.  In this regard, on February 28, 2014, a Hong Kong solicitor served Holding by posting a copy of plaintiffs' motion and supporting documents to Holding's registered Hong Kong Office" (citation omitted)); *In re Cyrus*, 392 B.R. at 257-58 (concluding that service of process under the Companies Ordinance satisfied the Hague Convention and the Federal Rules of Civil Procedure).  Accordingly, the court grants plaintiffs' request that Hua Yang's and Create's defaults be entered as to the complaint.

---

[12]See also CHINA (HONG KONG) – CENTRAL AUTHORITY & PRACTICAL INFORMATION, Hague Conference on Private International Law, available at http://www.hcch.net/index_en.php?act=authorities.details&aid=393 (last visited May 21, 2015) (noting that Hong Kong has not objected to Article 10(b), that "a private agent (usually a firm of solicitors) may be appointed directly to effect service," and that "[s]uch service can be effected directly without going through the Government or the judiciary").

[13]See also Hua Yang Request, Exh. E; Create Request, Exh. E.

[14]Hua Yang Request, Declaration of Carla A. McCauley, ¶ 3; Create Request, Declaration of Carla A. McCauley, ¶ 3.

[15]See Hua Yang Request, Declaration of Tse Wai Suen, ¶¶ 1-7; Create Request, Declaration of Tse Wai Suen, ¶¶ 1-7.

### III.  CONCLUSION

For the reasons stated, the court grants plaintiffs' request for entry of the defaults of Hua Yang International Technology Limited and Create New Technology HK Limited as to the complaint.  The clerk is directed to enter the defaults forthwith.